# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

Case No.  **CV 18-10667-JFW**                                              Date: April 3, 2019

Title:      In Re: Rajysan, Inc.
            The Official Committee of Unsecured Creditors of the Bankruptcy Estate of Rajysan, Inc., dba MMD Equipment -v- Los Angeles County Treasurer and Tax Collector

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

            Shannon Reilly                              None Present
            Courtroom Deputy                            Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REVERSING BANKRUPTCY COURT'S DECEMBER 10, 2018 ORDERS DENYING INTERVENTION**

Appellants Gurpreet Sahani, individually and as Trustee of the Green Acres Trust Dated May 10, 2017, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, "Appellants") appeal the Bankruptcy Court's December 10, 2018 Orders denying Appellants' motion for intervention in four underlying adversary proceedings filed by The Official Committee of Unsecured Creditors of the bankruptcy estate of Rajysan, Inc. dba MMD Equipment ("Committee" or "Appellee").

On February 11, 2019, Appellants filed their Opening Brief.  On March 4, 2019, Appellee filed its Answering Brief.  On March 18, 2019, Appellants filed a Reply Brief.  Pursuant to Federal Rule of Bankruptcy Procedure 8019(b)(3), after reviewing the briefs and record, the Court found that this matter was appropriate for decision without oral argument.  The matter was, therefore, removed from the Court's April 1, 2019 hearing calendar and the parties were given advance notice.  After considering the opening, answering, and reply briefs, and the arguments therein, the Court rules as follows:

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On July 29, 2017, Rajysan Inc. dba MMD Equipment ("Debtor") filed a Petition under Chapter 11 of Title 11 of the United States Code (Case No. 9:17-bk-11363-DS).  On August 31, 2017, the United States Trustee filed a Notice of Appointment and Appointment of Committee Members to serve on the Committee pursuant to 11 U.S.C. § 1102(a).  On February 27, 2018, the

Bankruptcy Court entered an order approving a stipulation whereby the Debtor assigned certain claims to the Committee.

On August 6, 2018, the Committee filed a Complaint against Appellants (case no. 9:18-ap-01040-DS) (and, on August 16, 2018, filed a First Amended Complaint), seeking, in relevant part, to recover payments made by the Debtor to various taxing authorities for taxes that were due and owing by the Appellants. Appellants argue that they will vigorously defend the claims in the adversary proceeding against them (9:18-ap-01040-DS) on the grounds that they provided reasonably equivalent value to the Debtor in exchange for the tax payments on their behalf. Specifically, Appellants allege that they executed promissory notes in favor of the Debtor for almost all of the payments.

On September 19, 2018, after the Committee filed the Complaint against Appellants, the Committee filed virtually identical complaints for avoidance, preservation, and recovery of fraudulent transfers against four tax agencies, specifically, the New Jersey Department of Treasury, Taxation Division; the Los Angeles County Tax Collector; the California Franchise Tax Board; and the United States of America (each, a "Tax Agency," or collectively, "Tax Agencies") as the direct recipients of the tax payments.[1] The following Tax Agency adversary proceedings are at issue in this appeal:

| **District Court Case No.**<br>**Bankruptcy Court Case No.**<br>**Bankruptcy Adv. Proc. Case No.** | **Parties** |
|---|---|
| 2:18-cv-10666 JFW<br>9:17-bk-11363 DS<br>9:18-ap-01048 DS | Plaintiff: Committee<br>Defendant: New Jersey Dept. of Treasury, Taxation Div. |
| 2:18-cv-10667 JFW<br>9:17-bk-11363 DS<br>9:18-ap-01049 DS | Plaintiff: Committee<br>Defendant: Los Angeles County Tax Collector |
| 2:18-cv-10669 JFW<br>9:17-bk-11363 DS<br>9:18-ap-01051 DS | Plaintiff: Committee<br>Defendant: California Franchise Tax Board |
| 2:18-cv-10688 JFW<br>9:17-bk-11363 DS<br>9:17-ap-01052 DS | Plaintiff: Committee<br>Defendant: United States of America |

In their Complaints against the Tax Agencies (and First Amended Complaints filed on October 10, 2018), the Committee seeks to recover the same tax payments that are at issue in the Committee's adversary proceeding against Appellants. The Committee has agreed, however, that

---

[1]The Committee settled and dismissed a fifth adversary proceeding against the Massachusetts Department of Revenue. The Massachusetts Department of Revenue refunded the tax payments received from the Debtor, and then opted to pursue relief against Appellants.

it will not continue prosecution of its Complaint against Appellants to the extent that it avoids and recovers the payments from the Tax Agencies. The Tax Agencies may, like Appellants, defend the Complaints alleged against them on the grounds that Appellants provided reasonably equivalent value to the Debtor in exchange for the tax payments on Appellants' behalf.

On October 26, 2018, Appellants moved to intervene (as of right and on a permissive basis) in each of the Tax Agency adversary proceedings. On November 18, 2018, the Bankruptcy Court held a hearing on Appellants' motion to intervene and denied Appellants' motion to intervene. On December 10, 2018, the Bankruptcy Court entered its orders in the four Tax Agency adversary proceedings denying Appellants' motion to intervene. On December 21, 2018, Appellants timely filed their Notices of Appeal.

## II.     ISSUES PRESENTED

The issues presented in this bankruptcy appeal are:

(1)     Did the Bankruptcy Court err in denying Appellants' motion to intervene as of right in the underlying adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7024 (incorporating Federal Rule of Civil Procedure 24(a))?

(2)     Did the Bankruptcy Court err in denying Appellants' motion to permissively intervene in the underlying adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7024 (incorporating Federal Rule of Procedure 24(b))?

Because the Court concludes that the Bankruptcy Court erred in denying Appellants' motion to intervene as of right, the Court need not address whether the Bankruptcy Court erred in denying Appellants' motion to permissibly intervene.

## III.    LEGAL STANDARD

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a), which provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Under this rule, a court must permit an applicant to intervene as a matter of right when: "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013). "Each of these four requirements must be satisfied to support a right to intervene. While Rule 24 traditionally receives liberal construction in favor of applicants for intervention, it is incumbent on the party seeking to intervene to show that all the requirements for

intervention have been met." *Id*. "Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

The Bankruptcy Court's decision denying Appellant's motion to intervene as of right is reviewed *de novo,* except that its timeliness determination is reviewed for abuse of discretion. *Smith v. Los Angeles Unified Sch. Dist.,* 830 F.3d 843, 853 (9th Cir. 2016).

### IV. DISCUSSION

In this case, the Court concludes that the Bankruptcy Court erred in denying Appellants' motion to intervene as of right.

First, the Court concludes that the Appellants have a significant protectable interest relating to the property or transaction that is the subject of the four Tax Agency adversary proceedings. "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). To trigger the right to intervene, an economic interest must be concrete and related to the underlying subject matter of the litigation. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The Bankruptcy Judge held, and the Committee concedes, that Appellants have a "significant protectable interest" in defeating avoidance of the transfers from the Debtor to the Tax Agencies. Indeed, if Appellee recovers the payments from the Debtor to the Tax Agencies, the Tax Agencies can then seek recovery from Appellants for the unpaid tax liability and Appellants will have lost the benefits of the payment terms under their promissory notes. This economic interest is sufficiently concrete and non-speculative to justify intervention.

Second, the Court concludes that the disposition of the four adversary proceedings against the Tax Agencies "may, as a practical matter, impair or impede [Appellants] ability to protect [their] interest." Indeed, if the Committee prevails in its actions against the Tax Agencies and the Tax Agencies then seek recovery from Appellants for the unpaid tax liability, the Appellants will not be able to assert its reasonably equivalent value defense against the Tax Agencies. As such, they will have lost their ability to protect their interest.

Third, the Court concludes that the existing parties -- the Tax Agencies -- may not adequately represent the Appellants' interests. The burden on proposed intervenors in showing inadequate representation is minimal, and will be satisfied if they can demonstrate that representation of their interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). However, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Id.* (internal citations omitted). Although the Tax Agencies have an interest in defeating avoidance of the transfers, their incentive to do so is significantly different than Appellants'. Indeed, if they fail, the Tax Agencies have an alternate remedy - they can seek recovery from Appellants. Accordingly, the Court concludes that the Tax Agencies may not adequately represent Appellants' interests.

Fourth, and finally, the Court concludes that Appellants' motion to intervene was timely.

Initials of Deputy Clerk __sr__

Indeed, the Bankruptcy Court held, and Appellee concedes, that Appellants' motion to intervene was timely. The Bankruptcy Court's holding on this issue was not an abuse of discretion.

For the foregoing reasons, the Court concludes that the Bankruptcy Court erred in denying Appellants' motion to intervene.

## V. CONCLUSION

The Bankruptcy Court's December 10, 2018 Orders Denying Intervention are **REVERSED**.

IT IS SO ORDERED.